CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 2 2 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFERY ALLEN HART, | |
| Plaintiff, | Case No. 7:10CV00509 |
| v. | **MEMORANDUM OPINION** |
| JUDGE TERESA CHAFIN, ET AL., | By: Glen E. Conrad |
| Defendants. | Chief United States District Judge |

Plaintiff Jeffery Allen Hart, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Hart alleges that his criminal trial was unfair and that he should have a new trial or a sentence reduction. Upon review of the record, the court finds that the complaint must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and summarily dismissed without prejudice.

Hart's submissions allege the following facts relevant to his claims. He entered no contest pleas to criminal charges in the Circuit Court of Tazewell County, Virginia, and was sentenced to twenty years in prison. He alleges that the judge who presided over the case, the prosecutor, and his defense counsel were all victims of the crimes for which he was tried.[1] For this reason, he claims that they were prejudiced against him, which prevented him from receiving a fair trial. As relief in this action, he seeks a new trial in another jurisdiction and a new attorney or, in the alternative, a reduction in his sentence.

---

[1] Hart recently raised similar allegations against the trial participants in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. See Hart v. Southwest Virginia Regional Jail, Case No. 7:10CV00483 (W.D. Va. Oct. 29, 2010) (dismissed without prejudice for failure to exhaust state court remedies). His submissions in that case indicate that one of his criminal charges stemmed from a threat to bomb the Tazewell County courthouse.

To determine whether an action is properly considered a civil rights complaint under § 1983 or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the proceeding is in habeas. In this case, plaintiff is clearly contesting both the fact and the length of his current confinement in the Virginia prison system. He believes his trial was unfair and his sentence was too long. Such claims are not cognizable under § 1983 and must be pursued in the habeas context.

A district court is not constrained by a litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition, pursuant to § 2254. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Provided the newly construed § 2254 petition meets the threshold requirements for habeas actions under this section, the court could address its claims on the merits. Haines v. Kerner, 404 U.S. 519 (1972).

Under 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser, supra. The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition without prejudice to allow him to return to state court. Slayton v. Smith, 404 U.S. 53 (1971).

In this case, the petition offers no indication whatsoever that Hart has presented his current claims to the Supreme Court of Virginia. His failure to demonstrate that he has exhausted state court remedies mandates summary dismissal of his habeas claims without

prejudice. Moreover, Hart's current submissions do not provide all the information required in a habeas proceeding, such as the date of the judgment he is challenging or the specific facts he would offer in support of his claims. If Hart believes that he has no available state court remedies, he may refile his claims in a new § 2254 petition. The clerk's office can provide him with a form to use in preparing such a petition with all the necessary information.

For the stated reasons, the court concludes that this civil action is properly construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and dismissed without prejudice,[2] pursuant to Rule 4 of the Rules Governing § 2254 Cases,[3] because petitioner offers no indication that he has exhausted state court remedies. An appropriate order shall be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff/petitioner.

ENTER: This 22nd day of November, 2010.

_____
Chief United States District Judge

---

[2] Dismissal without prejudice means that this order will not prevent petitioner from later pursuing his claims in another federal habeas petition if he is unsuccessful in obtaining relief from the Supreme Court of Virginia.

[3] Pursuant to Rule 4, the court can summarily dismiss a habeas action if it is clear from the face of the pleading that petitioner is not entitled to relief.